**Randall Boyd TAYLOR, Petitioner–Appellant,**

v.

**William SLAUGHTER, Respondent–Appellee.**

No. 03–36035.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2004.*

Decided Nov. 12, 2004.

Mark T. Errebo, Esq., Law Office of Mark T. Errebo, Esq., Billings, MT, for Petitioner–Appellant.

John Paulson, Esq., Office of the Attorney General, Helena, MT, for Respondent–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Before: ALARCÓN, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

The magistrate judge [1] properly denied Randall Boyd Taylor's petition for habeas relief. Defense counsel's advice regarding the entering of *Alford* guilty pleas fell within "the wide range of professionally competent assistance." *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The record shows that at the change of plea hearing, the state trial judge explained to Taylor that an *Alford* plea is one in which a defendant states: "I'm going to plead guilty because I believe they could prove me to be guilty but I deny that I did it." Therefore, we need not consider whether counsel's performance affected the outcome of the plea proceedings. *See Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

AFFIRMED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The parties consented to the exercise of jurisdiction over the proceedings by a magistrate judge.